**Dolores R. SALOMON, Appellant,**

v.

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY; Minnesota Mining and Manufacturing Company, Appellees.**

No. 85–1835.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1986.

Decided Sept. 18, 1986.

David Rosenblum (Rosenblum and Rosenblum, Alexandria, Va., on brief), for appellant.

Stephen M. Colangelo (Fred C. Alexander, Jr., Boothe, Prichard & Dudley, McLean, Va., on brief), for appellees.

Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.

WILKINSON, Circuit Judge:

Dolores Salomon seeks to recover benefits under a Family Monthly Income Benefit Plan underwritten by Transamerica Occidental Life Insurance Company, and offered by Minnesota Mining and Manufacturing Company ("3M") to its employees. In her suit against Transamerica and 3M, Salomon relies on the common law claims of breach of contract and estoppel, and on two Virginia insurance statutes, Va. Code § 38.1–52.7 (prohibiting unfair discrimination) and § 38.1–32.1 (providing for attorney fees). The district court held that these state claims were preempted under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, granted defendants' motion to dismiss, and granted plaintiff leave to file an amended complaint under ERISA.

We affirm the decision below. ERISA preempts the breach of contract and estoppel claims, and there is no private cause of action for the alleged violations of the Virginia insurance statute. Plaintiff's ERISA remedies are exclusive, and she must proceed under that statute.

Gerald Klemm, now deceased, was Salomon's fiance from 1978 until he died in June of 1982. Klemm worked for 3M, which offered a variety of retirement and insurance plans to its employees. Klemm named Salomon as beneficiary in all of these plans. In December, 1981, Klemm enrolled in the Family Monthly Income Benefit (FMIB) plan, which pays twenty-five percent of the deceased employee's annual earnings to his or her spouse or children. Klemm designated "Dolores Salomon, fiance" as his beneficiary under the FMIB plan, and after Klemm's death, Salo-

mon made a claim for benefits. Transamerica denied Salomon's claim, saying she did not qualify as a recipient of benefits under the terms of the policy. Salomon thereupon brought this action against Transamerica and 3M.

■ The FMIB plan is an employee welfare benefit plan governed by ERISA. *See* 29 U.S.C. § 1002(1). The district court concluded that ERISA preempted Salomon's state claims and dismissed the action with leave to amend to state a claim under § 1132(a)(1)(B) of ERISA. Salomon argues that there can be no preemption. She contends that she does not have a cause of action under ERISA since she is not a "beneficiary" under the terms of the Act.

We think she is indeed a "beneficiary" as defined by ERISA. Section 1132(a)(1)(B) specifies that "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A "beneficiary" is in turn defined in § 1002(8) as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

Salomon was designated as a beneficiary by Klemm, she applied for benefits under the plan, and she claims to be entitled to such benefits. Therefore Salomon comes within the definition of beneficiary given in § 1002(8). Since she is a beneficiary, she is entitled to bring an ERISA claim under § 1132(a)(1). We agree with the district court that one who has been denied benefits may be a beneficiary for the purpose of bringing an ERISA action. *See Massachusetts Mutual Life Insurance Co. v. Russell,* — U.S. —, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

■ ERISA clearly preempts Salomon's common law claims of breach of contract and estoppel. *See Holland v. Burlington Industries, Inc.,* 772 F.2d 1140, 1147 (4th Cir.1985), judgment affd., — U.S. —, 106 S.Ct. 3276, 91 L.Ed.2d 559 (1986), *cert.*

*denied,* —— U.S. ——, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986); *Powell v. Chesapeake and Potomac Telephone Company of Virginia,* 780 F.2d 419 (4th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986). Section 1144(a) sweeps in broad terms: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." The phrase "relate to" has been read expansively, giving "unparalleled breadth" to the preemption provision. *Holland,* 772 F.2d at 1147. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983). Since the FMIB plan was an employee benefit plan, and Salomon's state common law claims relate to the plan, the claims are preempted under § 1144(a).

 Exceptions to the broad preemption provisions of § 1144(a) are found in § 1144(b)(2)(A): "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." Salomon has brought claims under Va.Code §§ 38.1–52.7 and 38.1–32.1, part of the Virginia insurance law. However, we need not reach the question of whether Salomon's statutory claims are also preempted because the Virginia Unfair Trade Practices Act, Va. Code § 38.1–49 *et seq.,* does not create a private cause of action. *A & E Supply, Inc. v. Nationwide Mutual Fire Insurance Co.,* 798 F.2d 669, 673–674 (4th Cir.1986).

Salomon's claim of unfair discrimination was brought under § 38.1–52.7, which is part of the Unfair Trade Practices Act and creates no private cause of action. We note also that § 38.1–32.1, the attorney fees statute, does not create a cause of action, but merely permits the award of attorney fees where a private cause of action already exists. Salomon couched her attorney fees claim in terms of an unreasonable refusal to pay benefits. However, even if she intended to bring an action under § 38.1–52.9(4) (refusing arbitarily and unreasonably to pay a claim), that section is also part of the Virginia Unfair Trade Practices Act, and again there is no private cause of action.

The district court thus properly dismissed the statutory as well as the common law claims.

For the foregoing reasons, the decision of the district court is affirmed without prejudice to whatever remedies Salomon may possess under ERISA.

AFFIRMED.