**Wilford O. PRINCE, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**Civ. A. No. 3:91CV00395.**

United States District Court, E.D. Virginia, Richmond Division.

Dec. 17, 1991.

William S. Francis Jr., Richmond, Va., for Wilford O. Prince.

Alfred F. Belcuore and Jonathan S. Rochkind, Montedonico, Hamilton, Altman & Nash, Washington, D.C., for Hartford Life & Acc. Ins. Co.

# MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court upon the Motion of Defendant Hartford Life Insurance Company (Hartford) for Summary Judgment. The issues have been fully briefed and argued, and the matter is ripe for disposition. Jurisdiction is based on 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

At issue here is the entitlement of Mr. Prince to certain welfare benefits provided by his employer, Monroe Systems for Business, Inc., ("Monroe") pursuant to an employee benefit plan. The full name of the employee benefit plan is "Group Long Term Disability Benefit for Employees of Monroe Systems for Business, Inc." (the Benefit Plan), and the benefits under the plan are provided pursuant to Hartford Group Insurance Policy GLT–24376.

Under the Benefit Plan, an employee becomes entitled to certain benefits after a confirmation that the employee is "totally disabled" as defined under the benefit plan provisions. A person is deemed to be "totally disabled" under the plan if that person is "prevented from the disability from doing all the material and substantial duties of [the person's] occupation." To retain the classification of "totally disabled" longer than three months, the individual's disability must prevent him from doing "any occupation or work" for which he is, or "or could become qualified by training, education, or experience."

In September of 1989, Prince submitted a claim under the Benefit Plan, alleging that he had become "totally disabled" as a result of a rear-end automobile accident that allegedly had aggravated preexisting neck and back injuries. Hartford thereafter conducted an investigation of the facts germane to the determination of Prince's claim, whereupon it was determined that Prince did not meet the Benefit Plan's definition of "totally disabled" for the entire period for which Prince had claimed benefits. In December of 1989, Hartford notified Prince of its determination, paid him his benefits for the period that he did meet the definition, and advised him of his right to appeal. Prince did appeal, and after a

second investigation, Hartford in April of 1990 affirmed its prior determination.

## A. Applicability of ERISA

■ An initial question is whether the grant or denial of Prince's claim is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff's claim was initially filed as a Motion for Judgement in Henrico County Circuit Court and styled as a simple contract claim filed by an insured against an insurer. The plaintiff made no claim under ERISA. Hartford contends that the benefits sought by Prince are "employee welfare benefits" within the meaning of ERISA and that ERISA preempts the state common-law claims that Prince asserts here. In fact, Hartford maintains that plaintiff's failure to state a claim under ERISA is itself sufficient basis for dismissing this action.

ERISA's express preemption clause provides for preemption of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Relying upon a 1979 federal district court opinion, plaintiff argues against the application of ERISA on the notion that "general principles of contract law may be applied where there is no inconsistency with the Congressional purpose in enacting ERISA." *Shaw v. Kruidenier,* 470 F.Supp. 1375 (S.D.Iowa 1980), *aff'd without opinion,* 620 F.2d 307 (8th Cir. 1980). *Shaw* is not the controlling law on this point, however, as the Supreme Court has since held that the statutory preemption provision "was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), *citing Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 98–99, 103 S.Ct. 2890, 2900–01, 77 L.Ed.2d 490 (1983); *see also Salomon v. Transamerica Occidental Life Ins. Co.,* 801 F.2d 659 (4th Cir.1986) (holding that Virginia state law claims for breach of contract are preempted by ERISA in suit involving deceased employee's death benefits). While there is some authority for the proposition that ERISA does not preempt state laws regulating the insurance industry, the instant lawsuit involves common-law contract principles; state laws regarding the regulation of the insurance industry are simply not implicated. *See Metropolitan Life Ins. Co. v. Taylor, Mich.,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■ Based on the above authority, it is the determination of this Court that plaintiff's state law claims are preempted by ERISA. However, plaintiff's failure to state a claim under ERISA is not sufficient basis for the dismissal of plaintiff's cause of action. Although plaintiff's claims are framed as state causes of action, they also implicitly plead causes of action under ERISA. *See Whitaker v. Texaco, Inc.,* 566 F.Supp. 745, 749 (N.D.Ga.1983). Plaintiff's state law claim for breach of contract can thus be considered an action to recover benefits owed or to enforce employee rights under 29 U.S.C. § 1104(a)(1)(B) or § 1132.

## B. Standard of Review

■ Plaintiff argues that the Court should apply a *de novo* standard of review to Hartford's determination regarding the entitlement of the plaintiff to disability benefits. Hartford maintains that because the question presented by Prince's claim is factual in nature, *i.e.* whether Prince's disability prevents him from engaging in any work for which he is, or may be, qualified, the appropriate standard of review is whether Hartford's determination with respect to Prince is arbitrary and capricious.

Until the Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the established standard for reviewing disability determinations under a benefit plan was whether the decision was arbitrary and capricious. In the *Firestone* decision, the Supreme Court applied traditional principles of trust law and held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives

the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115, 109 S.Ct. at 956 (emphasis added). *See also Reinking v. Philadelphia American Life Ins. Co.*, 910 F.2d 1210 (4th Cir.1990) (appropriate standard for reviewing benefit eligibility determinations is *de novo* unless the policy delegates discretionary authority to one of the parties). The question thus becomes whether Hartford is a fiduciary under the Benefit Plan at issue and if so whether Hartford, in its fiduciary capacity, has discretionary authority to determine eligibility for benefits or to construe the terms of the Benefit Plan.

Under the governing section of the Code of Federal Regulations, it is clear that Hartford acts as a fiduciary under the Benefit Plan.

29 C.F.R. § 2560.503-1 states:

> *"Review Procedure.* (1) Every plan shall establish and maintain a procedure by which a claimant ... has a reasonable opportunity to appeal a denied claim to an appropriate named fiduciary ...
>
> "(2) To the extent that benefits under an employee benefit plan are provided ... by an insurance company ..., the claims procedure pertaining to such benefits may provide for review of any decision upon denied claims by such company ... In such case, that company shall be the 'appropriate named fiduciary' for purposes of this section."

29 C.F.R. § 2560.503-1(g). Thus under the Benefit Plan pursuant to which plaintiff is seeking benefits, Hartford is the "appropriate named fiduciary" because Hartford provides the benefits and determines benefit entitlement through all administrative appeals, as required under the regulation. Because Hartford is a fiduciary under the regulations, and because Hartford has the discretion to make eligibility determinations, under *Firestone* and *Reinking* this Court should review Hartford's determination regarding the plaintiff's eligibility for disability benefits under an arbitrary and capricious standard.

## C. The Merits

 Part of Hartford's duties as a plan fiduciary is to assemble a factual record which will assist a court in reviewing the fiduciaries' actions. *Makar v. Health Care Corp. of Mid–Atlantic*, 872 F.2d 80, 83 (4th Cir.1989). Hartford has submitted to the Court an "Administrative Record" which consists of the entire claim file assembled during the course of Hartford's determination of Prince's claims. Based on a review of that Administrative Record, the Court finds that Hartford's determinations with respect to the plaintiff are supported by substantial evidence. While there is no dispute that Prince did in fact suffer an injury, no doctor has opined that Prince has suffered a total disability. The medical reports indicate that the plaintiff is not prevented by his disability from doing work for which he is "or could become qualified by training, education, or experience."

Summary Judgement is appropriate if there is no issue as to any material fact and the moving party is entitled to judgement as a matter of law. Fed.R.Civ.P. 56(c). Although determining the presence of a disability would normally be a question for the trier of fact, here the only question before the Court is whether Prince was "totally disabled" as defined under the Benefit Plan. As uncontradicted medical reports indicate that Prince could in fact return to work in some capacity, Prince cannot meet the Benefit Plan's definition of "totally disabled." For the foregoing reasons, the Court finds that Hartford's determination with respect to the plaintiff's eligibility for total disability benefits was not arbitrary and capricious, and that the defendant is entitled to judgement as a matter of law.