Lloyd V. CRAWFORD, III, et al., Plaintiffs–Appellants,

v.

Jack A. ROANE, et al., Defendants–Appellees.

No. 94–5192.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1995.

Decided May 11, 1995.

---

Lloyd V. Crawford (argued and briefed), Memphis, TN, for plaintiffs-appellants.

Robbin T. Sarrazin, and Jill M. Steinberg (argued and briefed), Baker, Donelson, Bearman & Caldwell, Memphis, TN, for defendants-appellees.

Before: MERRITT, Chief Judge; SILER, Circuit Judge; EDMUNDS, District Judge.*

NANCY G. EDMUNDS, District Judge.

The children of Dr. Lloyd Crawford, Jr., appeal the district court's judgment that they are not entitled to proceeds from their father's Money Purchase Pension Plan ("the Plan"). The district court held that the children do not have standing as beneficiaries to bring an action for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. For the following reasons, we affirm the decision of the district court.

**I**

Dr. Crawford was a physician with the Pediatric Allergy Group until his retirement on or about December 31, 1991. As an employee of the Group, he participated in the Group's Plan. Dr. Crawford never designat-

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michi-

gan, sitting by designation.

ed a beneficiary to receive his Plan benefits nor executed a waiver of the survivor annuity. Dr. Crawford began receiving pension benefits from the Plan on or about January 6, 1992. He did not receive the full amount of his benefits from the Plan because of his death on or about March 13, 1992. He is survived by his widow, Beverlie Crawford, and his three children. The Trustees and Administrator of the Plan (collectively "the Trustees") determined that the children were not beneficiaries of the Plan, and distributed all Plan benefits to Mrs. Crawford.

The children filed a declaratory judgment complaint against Mrs. Crawford and the Trustees of the Plan in state court seeking to have the court adjudge them the beneficiaries of their father's Plan. Defendants removed the case to the United States District Court for the Western District of Tennessee on the basis that the complaint involved federal questions under ERISA, 29 U.S.C. § 1144. The children filed a motion for leave to amend complaint, which the district court denied. Defendant Mrs. Crawford filed a motion for summary judgment, and the children subsequently filed a motion for summary judgment. The district court entered an "Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion for Summary Judgment,"[1] ordering that all proceeds from the Plan are properly payable to Mrs. Crawford, as Dr. Crawford's surviving spouse.

The children filed a Notice of Appeal, stating that they appeal "the judgment denying Plaintiffs' Motion for Summary Judgment and granting Defendant Beverlie P. Crawford's Motion for Summary Judgment." In their appellate brief, served on counsel for the Trustees as well as counsel for Mrs. Crawford, the children appeal the district court's denial of their motion for leave to amend. Mrs. Crawford is the only Defendant to file a brief in this appeal.

## II

Before turning to the merits of the case, we must first determine over which parties and claims we have appellate jurisdiction. Mrs. Crawford argues that this Court does not have appellate jurisdiction over the Trustees, and that this Court does not have jurisdiction to determine whether the district court should have denied the children's motion for leave to amend their complaint. We disagree.

■ Mrs. Crawford first argues that this Court does not have jurisdiction over the Trustees because the children did not name them as appellees on the notice of appeal. This argument has no merit. Federal Rule of Appellate Procedure 3(c), only requires that the notice of appeal "specify the party or parties taking the appeal," and does not require an appellant to name appellees. Fed. R.App.P. 3(c); Intern. Union, UAW v. United Screw & Bolt Corp., 941 F.2d 466, 471 (6th Cir.1991).

■ Mrs. Crawford next argues that this Court does not have jurisdiction over the Trustees because the children have not appealed the district court's order denying their motion for leave to amend complaint. "Ordinarily, appeal from a final judgment draws into question all prior non-final rulings and orders." United Screw, 941 F.2d at 471. If an appellant, however, chooses to designate specific determinations in its notice of appeal, only those determinations may be raised on appeal. Id. Nevertheless, we considered and rejected a contention similar to Mrs. Crawford's in Caldwell v. Moore, 968 F.2d 595, 598 (6th Cir.1992), and do so here. The children filed a notice of appeal stating that they appeal "the judgment denying Plaintiffs' Motion for Summary Judgment and granting Defendant Beverlie P. Crawford's Motion for Summary Judgment," but their appellate brief, which they served on counsel for the Trustees, discusses the Trustees' failure to furnish information and makes clear that the children also seek review of the district court's denial of their motion for leave to file an amended complaint. Therefore, the Trustees were on notice that the children seek appellate review of the motion

---

1. Although the district court's order was titled "Order ... Granting Defendants' Motion for Summary Judgment," and dismissed the case in favor of Defendants, Beverlie Crawford was the only Defendant to file a summary judgment motion.

for leave to amend their complaint and suffer no prejudice as a result of the children's failure to specify that they desire appellate review of the motion for leave to amend.

### III

The children seek to bring two claims in this action. First, the children claim that they are entitled to benefits of their father's Plan under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1). Second, the children request that the Court order the Trustees to pay a penalty to the children for the Trustees' failure to provide plan information. 29 U.S.C. § 1132(c). The district court granted summary judgment in favor of the Defendants on the children's first claim, and refused to allow the children to amend their complaint to bring their second claim. Because the children do not have standing to bring either claim, we agree with the judgment of the district court.

We review a district court's grant of summary judgment pursuant to Fed.R.Civ.P. 56(c) de novo, using the same test utilized by the district court. *Moore v. Philip Morris Companies, Inc.,* 8 F.3d 335, 339 (6th Cir. 1993). In considering a motion for summary judgment, a district court may grant the motion only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

While the district court must view the allegations of the complaint in the light most favorable to the non-moving party, *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984), there must be sufficient evidence upon which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue' for trial." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989) (citing *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

We review the district court's denial of a motion for leave to amend a complaint under an abuse of discretion standard. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely granted when justice so requires. A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Ford v. Ford,* 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (1962); *Marx v. Centran,* 747 F.2d 1536, 1550 (6th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985).

Standing is essential to the exercise of jurisdiction and is a "threshold question ... [that] determin[es] the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Under ERISA's civil enforcement provision, 29 U.S.C. 1132(a), a civil action may be brought "by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, ... to clarify his rights to future benefits under the terms of the plan" or for relief under subsection (c) of § 1132. 29 U.S.C. § 1132(a)(1). 29 U.S.C. § 1132(c) provides as follows:

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Other subsections of § 1132 provide that the Secretary of Labor or a fiduciary of a plan may also bring a civil enforcement suit under ERISA. 29 U.S.C. §§ 1132(a)(2), (3) and (4). Therefore, the children have standing to bring their claims only if they are participants, beneficiaries, or fiduciaries.[2]

■ The children argue that they are "beneficiaries" with ERISA standing essentially because they claim to be beneficiaries. They argue that any person who claims he is a beneficiary is a "beneficiary" with the power to bring a civil enforcement action under ERISA. This argument has no merit. Congress gave "beneficiary" a defined meaning under ERISA. ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). This Court has not had the occasion to determine exactly when a plaintiff is a "beneficiary" under § 1002(8). Based on the language of § 1002(8) and the United States Supreme Court's and this Court's test for when a plaintiff is a "participant" under 29 U.S.C. § 1002(7), we hold that one is a "beneficiary" under § 1002(8) only if he has a reasonable or colorable claim for benefits under an ERISA plan, and that the children have not made this showing.

The test used by the United States Supreme Court and this Court in determining who is a "participant" under § 1002(7) counsels against adopting the children's suggested "claim to be a beneficiary" test for determining who is a "beneficiary" under § 1002(8). In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117–18, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989), the Court reversed the Third Circuit Court of Appeals which had held that § 1132(a)(1) should be read to mean that "a civil action may be brought by *someone who claims to be* a participant or beneficiary" (emphasis in original). The Supreme Court reasoned that "[t]o say that a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous." *Id.* The Court held that "participants" are "either employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Id.* (citations omitted). "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* This Court followed *Firestone*'s reasoning in *Teagardener v. Republic–Franklin Inc. Pension Plan*, 909 F.2d 947, 951–52 (6th Cir. 1990), *cert. denied*, 498 U.S. 1027, 111 S.Ct. 678, 112 L.Ed.2d 670 (1991).

Although the Court's analysis concerned the definition of "participant" under § 1002(7), the analysis applies to the definition of "beneficiary" under § 1002(8) with equal force because the operative language in §§ 1002(7) and (8) is identical. Section 1002(7) defines "participant" as any "employee or former employee ... *who is or may become* eligible to receive ... employee benefit[s]" (emphasis added). Section 1002(8) defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, *who is or may become* entitled to a benefit thereunder" (emphasis added). Therefore, based on the statutory language, a "beneficiary" is not anyone who claims to be one. Rather, a "beneficiary" under § 1002(8) is one who has a reasonable or colorable claim to benefits.[3]

---

2. The children do not purport to have standing on any ground other than as beneficiaries.

3. The children rely on cases from the Ninth, Third, and Fourth Circuit Courts of Appeals to support the proposition that one is a "beneficiary" with ERISA standing if he merely claims to be a beneficiary. *Cripps v. Life Insurance Co. of North America*, 980 F.2d 1261, 1266–67 (9th Cir. 1992); *Bruch v. Firestone Tire & Rubber Co.*, 828 F.2d 134, 152 (3d Cir.1987), *rev'd in part*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Salomon v. Transamerica Occidental Life Ins. Co.*, 801 F.2d 659 (4th Cir.1986). We are unpersuaded.

First, the Supreme Court reversed in part the Third Circuit's decision in *Firestone*. The children contend that the Supreme Court reversed a section of the court of appeals decision not applicable to this case. The children's contention is without merit. In *Firestone*, 489 U.S. at 117–18, 109 S.Ct. at 957–58, the Supreme Court upheld

■ Therefore, in this Circuit, one is a "beneficiary" with ERISA standing if he has a reasonable or colorable claim to benefits under an ERISA plan. The language of the Plan compels the conclusion that the children do not have a reasonable claim for benefits of their father's Plan and are therefore not proper parties to request adjudication of the issues whether the Trustees wrongly distributed benefits to Mrs. Crawford and whether the Trustees failed to furnish Plan information to participants or beneficiaries. Section 12 of the Plan, titled "Payment of Benefits upon Death," provides as follows:

> If you die prior to receiving all of your benefits under the Plan, the Trustee will pay the balance of your account to your beneficiary. Unless your beneficiary is a designated beneficiary, the Trustee must completely distribute your benefits within 5 years of the date of your death. A designated beneficiary is an individual designated by you as your beneficiary. In general, a spouse of a married participant must consent to any beneficiary designation which does not name the spouse as a sole beneficiary of the participant's death benefit.

This provision complies with the Retirement Equity Act of 1984 ("REACT"), which, among other things, amended ERISA by requiring plans to provide that the surviving spouse of a participant is to receive the benefits under the plan following the death of the participant, unless such benefits are specifically waived by the surviving spouse in a manner prescribed by law, i.e., the spouse's written consent. 29 U.S.C. § 1055(c)(2)(A)(i); *Moore v. Philip Morris Companies, Inc.,* 8. F.3d 335, 338 (6th Cir. 1993). It is undisputed that Dr. Crawford did not designate a beneficiary and that Mrs. Crawford did not consent to a beneficiary

other than her to be named as a beneficiary. Therefore, the children do not have a reasonable or colorable claim for their father's Plan benefits and thus are not "beneficiaries" under § 1002(8).

Plaintiffs' status as children of a participant in an ERISA plan does not provide them with standing as "beneficiaries." In *Coleman v. Champion Intern./Champion Forest Prod.,* 992 F.2d 530, 533–34 (5th Cir. 1993), the court held that a pension plan participant's son was not a "beneficiary" of the plan with standing to sue under ERISA because the participant never designated the son to receive benefits under the plan. *See also Keys v. Eastman Kodak Co.,* 739 F.Supp. 135, 137–38 (W.D.N.Y.), *aff'd,* 923 F.2d 844 (2d Cir.1990); *Lerra v. Monsanto Co.,* 521 F.Supp. 1257, 1263 (D.Mass.1981). In all three cases, as in the present case, the court rejected the plaintiff's claim to be a beneficiary because the plaintiff had not been designated a beneficiary, despite the fact that the plaintiff was either a child or spouse of the plan participant.

The exception to the definition of "participant" for standing purposes found in *Swinney v. General Motors Corp.,* 46 F.3d 512, 518 (6th Cir.1995), *Astor v. International Business Mach. Corp.,* 7 F.3d 533, 538–39 (6th Cir.1993) (internal citation omitted), and *Drennan v. General Motors Corp.,* 977 F.2d 246, 250 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993), is inapplicable to this case. Noting that the Supreme Court developed its definition of "participant" outside the standing context, *see Drennan,* 977 F.2d at 250, and that "in determining who is a 'participant' for purposes of standing, the definition found in 29 U.S.C. § 1002(7) must be read in the context of traditional concepts of standing, not in the

the section of the court of appeals' decision concerning the standard of review of an employer/fiduciary's denial of ERISA benefits to a plan participant or beneficiary, but reversed the court of appeals' decision concerning the test for "participant" under § 1002(7). The Supreme Court's decision in *Firestone* overruled the Fourth Circuit's 1986 *Salomon* decision because the Fourth Circuit employed the same reasoning as the Third Circuit in *Firestone.*

Further, we disagree with the Ninth Circuit's 1992 decision in *Cripps,* 980 F.2d at 1266–67,

where the court relied on the court of appeals decisions in *Firestone* and *Salomon* to hold that "as a practical matter ... courts normally read § [1132(a)] as if it read; 'a civil action may be brought by *someone who claims to be* a participant or beneficiary'" (emphasis in original) (citations omitted). The court noted that *Firestone* had been "reversed in part on other grounds." We do not read *Firestone* that way; rather, it seems clear to this Court that the Supreme Court in *Firestone* reversed the Third Circuit's decision concerning ERISA standing.

context of adjudicating the ultimate issue of the merits of the plaintiffs' claim...." *Astor,* 7 F.3d at 538, we developed in those cases an exception to the general rule that a person who terminates his right to belong to a plan cannot be a "participant" in the plan. Specifically, "if the employer's breach of duty causes the employee to either give up his right to benefits or to fail to participate in a plan, then the employee has standing to challenge that fiduciary breach," despite the fact that the employee is technically not a "participant." *Swinney,* 46 F.3d at 518. "Otherwise, a fiduciary could defeat an employee's standing to bring an ERISA action by duping him into giving up his right to participate in the plan." *Id.*

This exception does not apply here, where there is no claim that the Trustees or Mrs. Crawford somehow duped Dr. Crawford into not naming his children as beneficiaries under the Plan. Indeed, the children had no right to benefits in the first place under the Retirement Equity Act, which provides that the surviving spouse of a participant is to receive the benefits under an ERISA plan following the death of the participant, unless such benefits are specifically waived by the spouse. 29 U.S.C. § 1055(c)(2)(A)(i). We decline to create an exception to the general rule that a person does not have standing as a "beneficiary" if he does not have a reasonable or colorable claim to benefits.

Based on the foregoing, the district court did not err in holding that Mrs. Crawford and the Trustees are entitled to judgment as a matter of law on the children's claim for benefits, and did not abuse its discretion in refusing to allow the children to amend their complaint to include a claim for failure to provide information because such a claim would be futile.

## IV

Even if the children have standing to bring this suit, the district court did not err in dismissing this case. The children argue that the Plan should be disqualified for tax-deferred treatment because the Trustees failed to provide written explanations of the Plan and because the Trustees provided Mrs. Crawford with a Qualified Joint and Survivor Annuity ("QJSA") rather than a Qualified Preretirement Survivor Annuity ("QPSA"). The children argue that the district court should have avoided the disqualification by characterizing the Plan benefits as a QPSA, so that Mrs. Crawford would receive 50 percent of the account balance, and the remaining 50 percent would pass to the children through the residuary clause in Dr. Crawford's will.

■ Neither the district court nor this Court, however, has the power to resolve a disqualification issue concerning an ERISA plan in a § 1132 action. Section 1132 provides that beneficiaries may bring only five actions: to recover benefits, § 1132(a)(1)(A); for a penalty for an administrator's failure or refusal to comply with a request for information, §§ 1132(a)(1)(B), (a)(4); for breach of fiduciary duty, § 1132(a)(2); and to enjoin any act which violates the terms of a plan or the ERISA provisions contained in Title 29 of the United States Code, § 1132(a)(3). The children have not asserted that the distribution of Plan benefits violates Title 29. Further, 26 U.S.C. § 7476 provides that the United States Tax Court has jurisdiction to determine whether a retirement plan is qualified for tax-deferred treatment. Section 7476 further provides that only an employer, plan administrator, certain employees, and the Pension Benefit Guaranty Corporation may file pleadings in the Tax Court concerning the tax-deferred status of a plan. 26 U.S.C. § 7476(b)(1).

Moreover, the favorable tax consequences of ERISA plans are not mandatory and cannot be guaranteed by judicial intervention. *Hollingshead v. Burford Equipment Co.,* 747 F.Supp. 1421, 1436 (M.D.Ala.1990). "ERISA contains no express provision that requires an employer to qualify a pension plan under the Internal Revenue Code. Instead, the tax consequences of not qualifying are so severe that practical considerations generally force employers to qualify their plans." *Id.* at 1434.

Finally, even if this Court would determine that the Plan is disqualified for tax-deferred treatment, the written terms of the Plan would continue to be effective as a written

contract between the participant, his beneficiary, and the Plan sponsor so that the beneficiary designation provided in the Plan would control. The children contend that the Plan terms do not control here because they are inconsistent with the summary plan description ("SPD"). This is irrelevant if Plan disqualification cannot change the terms of the Plan. Further, the children have not pointed to any specific provision of the SPD that is inconsistent with the Plan terms. Moreover, violation of ERISA reporting and disclosure requirements, 29 U.S.C. § 1132(c), does not entitle the children to a substantive remedy. *Lewandowski v. Occidental Chemical Corp.,* 986 F.2d 1006 (6th Cir.1993).

## V

Accordingly, we **AFFIRM** the judgment of the district court.