Kimberlin A. SIMS and Moses Sims,
her husband, Plaintiffs,

v.

MARRIOTT INTERNATIONAL,
INC. d/b/a Nassau Marriott,
Defendant.

No. CIV.A.3:99CV–425–H.

United States District Court,
W.D. Kentucky,
at Louisville.

March 26, 2001.

Bruce A. Niemi, Carey, Niemi, McKinley, Stout & Spalding, Louisville, KY, for plaintiffs.

Edward H. Stopher, Rodney Dale Payne, Boehl, Stopher & Graves, Louisville, KY, for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Defendant, Marriott Worldwide Corporation ("Marriott"), has moved for summary judgment on all claims. Plaintiffs sued Marriott for damages after Mrs. Sims injured herself in a fall at a Marriott franchise in the Bahamas. Marriott claims that its franchisor status insulates it from liability and that this Court lacks jurisdiction over the franchisee. Plaintiffs also seek to amend their complaint to include the franchisee.

Plaintiffs Kimberlin Sims and Moses Sims began planning their honeymoon in the Bahamas by researching possible hotels on the internet. After reading about the Nassau Marriott hotel on the Internet, Ms. Sims called and made reservations for their honeymoon. During their honeymoon in July of 1998, Mrs. Sims fell and injured her foot. Plaintiffs brought this action in July of 1999.

The Nassau Marriott is actually a franchisee of Marriott, operated by Crystal Palace Hotel Corporation Limited ("Crys-

tal Palace"). Marriott and Crystal Palace entered into a franchise agreement which gives Crystal Palace full operating control over the hotel and precludes the agreement from creating an agency relationship between the parties.

Ms. Sims says that she relied on the Marriott name in selecting the hotel and that in several phone conversations with the hotel, the hotel staff never spoke of the hotel as anything but a Marriott hotel. While at the hotel, Mr. & Mrs. Sims saw no notice that an entity other than Marriott operated the hotel. Finally, Mrs. Sims states that she first became aware of the franchise relationship in this litigation, well after she and her husband left the Nassau Marriott.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The issue is whether the evidence submitted presents a sufficient disagreement about the material facts so that submission to a jury is necessary, or whether the evidence is so one-sided that a party must prevail as a matter of law. *Id.* at 251–52, 106 S.Ct. 2505.

Marriott's liability in negligence turns on whether an agency relationship existed between it and its franchisee. The franchise agreement does not create such a relationship. Nor do any other facts currently in the record suggest an express agency relationship. Nevertheless, the doctrine of apparent agency can create an agency relationship. In essence, Plaintiffs make that argument based upon their assumption that Marriott operated the hotel and based on the absence of any other indications to the contrary.

■ Kentucky has adopted the Restatement's view of the doctrine of apparent agency. *See Paintsville Hospital Co. v. Rose,* 683 S.W.2d 255, 257 (Ky.1985). Under the Restatement, "One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such." RESTATEMENT (SECOND) OF AGENCY § 267 (1957). The doctrine of apparent agency can attach liability even though no express agency relationship exists. *See, e.g., Crinkley v. Holiday Inns, Inc.,* 844 F.2d 156, 166 (4th Cir.1988).

■ In order to make a finding of apparent agency, Plaintiffs must show both that Marriott acted in a manner that would lead a reasonable person to conclude that the operator of the Nassau Marriott was an agent of Marriott and that Plaintiffs acted in reliance of that representation. *See, e.g. Crinkley,* 844 F.2d at 166; *Butler v. McDonald's Corp.,* 110 F.Supp.2d 62, 69 (D.R.I.2000). Plaintiffs have presented sufficient facts that Marriott appeared to operate the Nassau Marriott and that Mrs. Sims relied on that appearance when selecting the hotel. While the franchise agreement does not create an agency relationship, it does not shield other actions of the parties from creating apparent agency. A reasonable jury could conclude that the Nassau Marriott was the apparent agent of Marriott. Therefore, this Court will deny Defendant's motion for summary judgment.

■ Plaintiffs also seek to amend their complaint to add Crystal Palace, the franchisee, as a defendant. Pursuant to Rule

15 of the Federal Rules of Civil Procedure, Plaintiffs may amend their pleading only by leave of the court and such leave "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Though freely given under the proper circumstances, leave to amend a complaint will be denied for valid reasons, including "futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995). Plaintiffs' tendered amended complaint contains no jurisdictional statement of the grounds upon which this Court has jurisdiction over Crystal Palace as required by Federal Rule of Civil Procedure 8(a). The Court will allow Plaintiff some additional time within which to make a jurisdictional statement. Thereafter, the Court will rule on this and any other related motions.