Robert J. LAWLESS, Plaintiff–
Appellant,

v.

MUSKINGUM COUNTY, OHIO;
et al., Defendants,

Robert J. Stephenson, Muskingum
County Sheriff's Department; Mus-
kingum Sheriff Department, Defen-
dants–Appellees.

No. 01–4199.

United States Court of Appeals,
Sixth Circuit.

June 6, 2002.

Before KRUPANSKY and COLE,
Circuit Judges; and DUGGAN, District
Judge.*

### ORDER

Robert J. Lawless appeals a district
court order dismissing his civil rights ac-
tion filed under 42 U.S.C. § 1983. The
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lawless sued
Muskingum County (Ohio) and numerous
county officials, alleging that the defen-
dants violated his constitutional rights
when he was convicted of a felony in 1985
and indicted on another charge in 1999.
Lawless also alleged that the defendants
were deliberately indifferent to his serious
medical needs in violation of the Eighth
Amendment when he was jailed for two
days. With the exception of Lawless's
Eighth Amendment medical claim, the dis-
trict court dismissed his claims for failure
to state a claim The court subsequently
granted summary judgment to the defen-
dants on Lawless's Eighth Amendment
medical claim and dismissed the case.
Lawless has filed a timely appeal.

The defendants initially argue that Law-
less is limited on appeal to challenging the
district court's grant of summary judg-
ment because he only listed the court's
final judgment in his Notice of Appeal.
While a notice of appeal must designate
the judgment or order being appealed un-
der Fed. R.App. P. 3(c)(1)(B), an appeal
from a final judgment usually draws into
question all of the district court's prior
non-final rulings and orders. *Newman v.
Fed. Express Corp.,* 266 F.3d 401, 404 (6th
Cir.2001); *Crawford v. Roane,* 53 F.3d 750,
752 (6th Cir.1995). Although Lawless only
referred to the final judgment in his No-
tice of Appeal, his brief sufficiently advised
the defendants that he also wished to chal-
lenge prior non-final rulings and orders of
the district court. Therefore, this court
has jurisdiction to address these issues on
appeal. *See Crawford,* 53 F.3d at 752–53.

Upon review, we conclude that the dis-
trict court properly granted summary
judgment for the defendants on Lawless's
Eighth Amendment medical claim. Law-
less was incarcerated at the Muskingum
County Jail for two days in January 1999.
Prior to his incarceration, Lawless suf-
fered a knee injury, and he argues that the

---

* The Honorable Patrick J. Duggan, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

defendants delayed his receipt of medical treatment until after his release from the jail. For an Eighth Amendment claim based on an alleged delay in treatment, the prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001). The only medical evidence in the record addressing the alleged delay states that "it would have been preferable to have had injuries immediately evaluated and treated; however, I cannot tell from the records and history reviewed if the delay may have caused this patient additional injuries." Since Lawless has not presented any medical evidence establishing the detrimental effect of the delay, the defendants are entitled to summary judgment on this claim.

Lawless also argues that the district court should not have dismissed his remaining claims against the defendants because they were not immune from suit. However, the district court did not conclude that the defendants had immunity; instead, the court concluded that Lawless's claims were not cognizable under § 1983. Arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998), and issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996). Because Lawless does not specifically challenge the district court's determination that his claims are not cognizable under § 1983, he has waived consideration of the court's conclusion on appeal. We also note that Lawless argues in a conclusory manner that the district court improperly denied his motion to amend the complaint. His perfunctory argument is insufficient to preserve this issue for review on appeal.

Lawless next argues that the district court improperly granted summary judgment without permitting him adequate discovery. This court reviews a district court's decision concerning discovery matters for an abuse of discretion. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir.1997). A plaintiff complaining that the district court granted summary judgment without allowing adequate discovery must be able to show that he could have obtained information through discovery that would disclose material facts. *Id.* Lawless has only made vague assertions that more discovery time would produce additional evidence; therefore, the district court did not abuse its discretion in limiting discovery.

Lastly, Lawless argues that the district court improperly extended the time for the defendants to file an answer to the complaint. Fed.R.Civ.P. 6(b) permits a court to enlarge the time period allowed for filing pleadings, and this court reviews decisions under this rule for an abuse of discretion. *Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 424 (7th Cir.1997). Lawless has not established that the court's decision constituted an abuse of discretion.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.