**Derrick LAWARY, Plaintiff–Appellant,**

v.

**THE TJX COMPANIES, INC.,**
**Defendant–Appellee.**

No. 02–3694.

United States Court of Appeals,
Sixth Circuit.

March 27, 2003.

Before NORRIS and BATCHELDER,
Circuit Judges; and BARZILAY, Judge.*

*ORDER*

This is a direct appeal from a district court decision to grant summary judgment to the defendant in this employment discrimination action filed under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Derrick Lawary filed an employment discrimination action under federal and Ohio state law in Ohio state court. The defendant, former employer TJX Companies ("TJX"), removed the action to federal court. TJX eventually moved for summary judgment, Lawary responded, and the district court granted the motion on all claims.

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

This court reviews a district court's order granting a motion for summary judgment de novo using the same test as the district court. *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995). All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is properly entered where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An examination of the record and law under this standard supports the judgment on appeal in all respects.

Defendant TJX operates a chain of T.J. Maxx clothing stores in the United States. TJX hired Lawary as an Assistant Manager—Merchandise in October 1995 and, by late 1996, Lawary was working as a Merchandise Manager in the T.J. Maxx store located in the Hyde Park neighborhood of Cincinnati, Ohio. It was during Lawary's tenure at the Hyde Park store that he received the first of his performance-based reprimands. TJX thereafter transferred Lawary to another of its Cincinnati operations in Western Hills. It was Lawary's performance at this store that caused TJX to issue to Lawary more disciplinary warnings and, finally, to terminate his employment effective September 21, 1998.

On May 1, 2001, Lawary filed his complaint in Ohio state court based on Title VII. The crux of Lawary's Title VII employment discrimination complaint is that he was treated differently than similarly situated employees of different races and sexes; Lawary never claimed to have di-

rect evidence of any discriminatory intent by TJX. Lawary attempted to amend his Title VII complaint with a claim under 42 U.S.C. § 1981 based strictly on his termination. The district court granted summary judgment for TJX on the merits of the Title VII aspect of Lawary's action and the court also concluded that the § 1981 portion of Lawary's lawsuit must be dismissed as having been filed well beyond the applicable statute of limitations. On appeal, Lawary raises a general challenge to the district court's decision.

Upon review, we shall affirm for the reasons set forth in the well-reasoned memorandum and order of the district court filed May 16, 2002.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.