NOT FOR PUBLICATION
File Name: 05a0468n.06

Filed: June 6, 2005

No. 04-3769

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DANIEL PALMER,

      Plaintiff-Appellant,

v.

| | |
|---|---|
| FORD MOTOR COMPANY; FORD MOTOR COMPANY CLEVELAND FOUNDRY AND ENGINE PLANT, CASTING PLANT; FORD MOTOR COMPANY PENSION PLAN; SCOTT WILSON, KEITH KLEINSMITH; FRANK KLUCK; MICHELLE PRICE; BETRESS HARRIS; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA - UAW LOCAL 1250, | ON THE APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

      Defendants-Appellees.

_____/

BEFORE:  SUHRHEINRICH, BATCHELDER, and GIBSON,[*] Circuit Judges.

      **SUHRHEINRICH, J.,**  Plaintiff-Appellant Daniel Palmer, ("Palmer"), appeals the

decision of the district court granting summary judgment to Defendants-Appellees Ford Motor

Company,  Ford Motor Company Cleveland Foundry and Engine Plant, Casting Plant, and Ford

Motor Company Pension Plan, ("collectively, "Ford"), and Ford employees Scott Wilson,

("Wilson"), Keith Kleinsmith, ("Kleinsmith"), Frank Kluck, ("Kluck"),  Michelle Price,

_____

[*]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

("Price"), and Betrese Harris, ("Harris"); and summary judgment to International Union and United Automobile, Aerospace & Agricultural Implement Workers of America - UAW Local 1250 (collectively, "the Union"), in this action arising out of plaintiff's employment with Ford Motor Company.  Palmer also appeals the district court's denial of his post-judgment Motion to Alter or Amend and Leave to File an Amended Complaint pursuant to FED. R. CIV. P. 59(e) and FED. R. CIV. P. 15(a).

We review *de novo* the district court's grant of summary judgment.  *Tennessee Valley Auth. v. Tennessee Valley Trades & Labor Council*, 184 F.3d 510, 514 (6th Cir. 1999).  We review a district court's decision denying a plaintiff's motion for leave to amend a complaint under Rule 15(a) for abuse of discretion. See *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995).  While we generally review the denial of a motion to alter or amend judgment under Rule 59(e) for an abuse of discretion, we review *de novo* when the Rule 59(e) motion seeks review of a grant of summary judgment.  *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir.1999).

Palmer has been employed by Ford for over thirty years.  Since 1995, he has filed more than sixty (60) grievances with the Union, filed numerous "Statements of Complaint" with Ford, and made numerous calls to Ford's safety and harassment hotlines.  He has also filed multiple charges against Ford and the Union, claiming unfair labor practices.

On March 10, 2003, Palmer filed this action in the district court, alleging that Ford and named defendants Wilson, Kluck, and Kleinsmith incorrectly regarded him as mentally ill and retaliated against him for engaging in protected activity, in violation of the Ohio Revised Code; that  the Union breached its duty of fair representation with regard to grievances he filed and that

2

Ford breached the Collective Bargaining Agreement, thus he had a valid "hybrid action" under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a); that Ford discriminated against him on the basis of race in violation of Title VII and the Ohio Revised Code; and, that named defendants Wilson, Kleinsmith, Kluck, Price, and Harris intentionally inflicted mental distress on him and deprived him of certain job rights. Ford and the Union filed separate motions for summary judgment.

The district court granted both motions for summary judgment, holding there was no evidence that Ford or its employees regarded Palmer as disabled, that Ford retaliated against him for filing complaints and harassment reports, or that Ford discriminated against him for being a Caucasian male by treating him differently than similarly situated non-Caucasian employees. The court also held that plaintiff's hybrid § 301 claim was barred by the applicable six-month statute of limitations. *See Hanely v. Int'l Bhd. of Locomotive Eng'rs,* No. 02-3027, 2003 WL 21525117, at **6 (July 2, 2003) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (hybrid § 301 action subject to six-month statute of limitations period as set forth in 29 U.S.C. § 160(b)); *see also Ryan v. Gen. Motors Corp.*, 929 F.2d 1105, 1111 (6th Cir.1989) (a hybrid cause of action accrues and the six-month limitations period begins to run when the plaintiff knew or should have known of the union's alleged breach of its duty of fair representation). The court further held that even if Palmer's claim had been timely, he did not demonstrate that the Union breached its duty of fair representation and thus the court did not need to determine whether Ford breached the Collective Bargaining Agreement. *See Garrison v. Cassens Transport Co.*, 334 F.3d 528, 538 (6th Cir. 2003) (stating that a hybrid § 301's two constituent claims, breach of a collective bargaining agreement by the employer and breach of

3

the duty of fair representation by the union, are interdependent such that "[u]nless a plaintiff demonstrates both violations, he cannot succeed against either party"). Finally, the court found no evidence that Wilson, Kleinsmith, Kluck, Price, or Harris intentionally inflicted mental distress on Palmer or deprived him of any job rights. *See Palmer v. Ford Motor Co., et al.*, 1:03 CV 430 (N.D. Oh. April 22, 2004) (judgment entry).

Palmer filed a Motion to Alter or Amend Judgment and Leave to File Amended Complaint pursuant to FED. R. CIV. P. 59(e) and FED. R. CIV. P. 15(a). The district court denied this motion, stating that Palmer "had his opportunity to submit evidence demonstrating that material issues of fact existed" and further, that Palmer "cannot now provide the evidence that was lacking, or 'cure pleading defects,' by submitting a fresh complaint or affidavit." *Palmer v. Ford Motor Co. et al.,* 1:03 CV 430 (N.D. Oh. May 26, 2004) (order).

On appeal, Palmer argues that the district court erred in dismissing his motion to alter or amend pursuant to 59(e), that his hybrid § 301 action is not barred by the statute of limitations, that the district court erred in granting Ford's motion for summary judgment as to his reverse discrimination claim, that he demonstrated a *prima facie* case of race discrimination by Ford pursuant to the Civil Rights Act of 1964, 42 U.S.C. 2000e, that Ford Motor Company breached the Collective Bargaining Agreement by discriminating against him due to race and/or disability, that the district court erred in granting summary judgment to individual defendants Wilson, Kleinsmith, Kluck, Price, and Harris because there were genuine issues of material fact as to whether they caused him intentional infliction of emotional distress, and lastly, that Ford had no sufficient reason for having him undergo repeated psychological testing. After having examined the issues and the record during oral arguments, we adopt the district court's opinions of April

4

22, 2004 and May 26, 2004.  This matter is **AFFIRMED.**