NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0146n.06
Filed: February 24, 2006

05-3118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHERRY OVERHOLT and MARK OVERHOLT, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| MONTVILLE TOWNSHIP et al., | ) ) | NORTHERN DISTRICT OF OHIO |
| Defendants-Appellees. | ) ) | |

Before: MARTIN, NORRIS, and DAUGHTREY, Circuit Judges.

**PER CURIAM.**   The plaintiffs, Sherry and Mark Overholt, appeal from the district court's order granting summary judgment to the defendants in this civil action for unlawful search and seizure and use of excessive force under 42 U.S.C. § 1983, and for intentional infliction of emotional distress and assault and battery under state law.  The defendants, Montville Township and three members of the Montville Police Department (collectively, the Montville defendants), Medina County, the Medina County Sheriff and Medina County SWAT members "John Doe" and "Janet Doe" (collectively, the Medina defendants), defended on the basis that the search warrant and the arrest warrant that the Montville officers executed at the home of the plaintiffs were facially valid; that the arresting officers and the SWAT members used no more force than was necessary to arrest Mark Overholt,

who was named in the warrants; that Sheriff Hassinger had no part in the use of force against the plaintiffs and could not be held liable on a theory of respondent superior; and that the township and the county were not shown to have incurred liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The plaintiffs now appeal the judgment of the district court, which ruled in the defendants' favor on all claims.

On appeal, the plaintiffs first contend that the district court erred "by denying numerous motions for the extension of factual discovery deadlines and a Fed. R. P. 56(f) motion [sic] after an amended complaint was filed." The Medina defendants question our jurisdiction to review the district court's rulings on the discovery motions, citing the requirement in Federal Rule of Appellate Procedure 3(c)(1)(B) that a notice of appeal must "designate the judgment, order, or part thereof being appealed." They point out that the notice of appeal does not reference any of the interim orders entered by the district court other than "the final judgment entry set forth in the District Court's Memorandum of Opinion and Order of December 30, 2004 granting summary judgment to the Defendants." We have held, however, that "an appeal from a final judgment draws into question all prior non-final rulings and orders." *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995). We therefore conclude that the district court's rulings on the discovery motions are subject to review under the notice of appeal filed by the plaintiffs in this case.

Upon review of those rulings, however, we find no abuse of discretion in the district court's decisions. An order denying the plaintiffs' motion to extend the time for discovery,

dated January 12, 2004, notes that the plaintiffs had failed to demonstrate why such an extension is necessary or to "give any explanation as to why it will not be possible to complete . . . discovery by March 22 [2004]," the discovery deadline set by the magistrate judge. As to the plaintiffs' other extension motions and motions to compel, the district court carefully considered each, denying in part and granting in part, and finding in at least one instance that the motion did not comply with Federal Rule of Civil Procedure 56(f). As to none of these decisions do we find an abuse of discretion that would require us to set aside the district court's entry of final judgment.

Because the search warrant was facially valid, the district court held that defendants could not be charged with an illegal search and seizure in the execution of the warrant. The court also found that the officers who effected Mark Overholt's arrest used objectively reasonable force under the circumstances, and that there was no excessive force used against Sherry Overholt. Citing a lack of evidence, the district court found in addition that there was no basis for holding that the county and the township were liable. Because the state law claims were dependent upon a finding of unreasonable or excessive force, the district court entered summary judgment on those claims as well.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed

opinion by this court would be duplicative and would serve no useful purpose.  Accordingly,

we AFFIRM the judgment of the district court upon the reasoning set out by that court in

its order dated December 29, 2004.