*Circuit City Stores, Inc.*, 1995 WL 371659, *2 (Tenn. Ct. App. 1995).  Our conclusion that Newman failed to establish a Title VII prima facie case thus governs the outcome of these issues, and we accordingly affirm the district court's grant of summary judgment to Federal Express on these claims.

### IV.

For the foregoing reasons, we DENY Federal Express's motion to dismiss the appeal, and AFFIRM both the district court's denial of Newman's motion to re-open discovery and its grant of summary judgment to Federal Express.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0344P (6th Cir.)
File Name:  01a0344p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ROBERT NEWMAN,
        *Plaintiff-Appellant,*

        *v.*                                No. 99-6412

FEDERAL EXPRESS
CORPORATION,
        *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 97-02687—Jon Phipps McCalla, District Judge.

Argued:  June 14, 2001

Decided and Filed:  September 27, 2001

Before:  MARTIN, Chief Judge; NELSON,* Circuit Judge;
RICE, Chief District Judge.

————————

*The Honorable Walter H. Rice, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

---

### COUNSEL

**ARGUED:** Florence M. Johnson, Memphis, Tennessee, for Appellant.    Dwayne S. Byrd, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellee. **ON BRIEF:** Florence M. Johnson, Memphis, Tennessee, Mark A. Allen, ALLEN, GODWIN, MORRIS, LAURENZI & BLOOMFIELD, Memphis, Tennessee, for Appellant. Stephen R. Cochell, Elaine K. Sanders, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellee.

---

### OPINION

---

BOYCE F. MARTIN, JR., Chief Judge. Robert Newman appeals the district court's grant of summary judgment to Federal Express on his claim of race-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and state law. Newman also appeals the district court's denial of his motion to re-open discovery. Federal Express subsequently moved to dismiss the appeal on the ground that Newman's notice of appeal failed to satisfy the jurisdictional requirements of Federal Rule of Appellate Procedure 3(c)(1)(B). For the following reasons, we DENY Federal Express's motion to dismiss the appeal. We also AFFIRM the district court's discovery and summary judgment orders.

### I.

Newman, an African-American, began working at Federal Express in 1982, and became a manager of Hub Operations in 1985. On January 14, 1997, Newman filed a race discrimination charge with the Equal Employment Opportunity Commission, alleging that white employees at Federal Express receive more awards and better assignments

left on his voice mail as "silly." Without evidence that Newman's work environment was subjectively hostile, he has failed to establish a prima facie case of hostile work environment based on race. We therefore affirm the district court's grant of summary judgment to Federal Express on this claim.

### B. Denial of promotion and equal treatment

Newman's remaining Title VII claim, that Federal Express denied him opportunities for promotion and equal treatment in awarding benefits, also cannot survive summary judgment. To establish a prima facie claim of racial discrimination under Title VII, a plaintiff must show that: 1) he is a member of a protected class; 2) was qualified for the job; 3) he suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *See Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995). Newman does not address this claim in any detail in his brief. The district court found that the only possible adverse action that Newman suffered was the denial of a Star Award despite a recommendation by his senior manager. As the district court observed, Newman has offered no proof that a similarly situated non-protected employee was treated differently. Accordingly, Newman failed to establish a prima facie case of race discrimination under Title VII, and summary judgment was appropriate.

### C. Section 1981 and state law claims

Newman's remaining claims under Section 1981 and Tennessee state law must fail as well. Section 1981 prohibits racial discrimination in the making and enforcing of private contracts. *See* 42 U.S.C. § 1981. Section 1981 claims are analyzed under the Title VII *McDonnell Douglas/Burdine* framework. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989). Similarly, Tennessee courts have "looked to federal case law applying the provisions of the federal anti-discrimination statutes as the baseline for interpreting and applying" the Tennessee Human Rights Act. *Graves v.*

facie case of hostile work environment based on race under Title VII, a plaintiff must show: 1) that he is a member of a protected class; 2) that he was subjected to unwelcome racial harassment; 3) that the harassment was based on race; 4) that the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile, or offensive work environment; and 5) the existence of employer liability. *See id.* In determining whether there was a hostile or abusive workplace environment, we look to the totality of the circumstances. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). Specifically, we consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23. The Supreme Court has consistently held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (internal quotations omitted). Finally, the work environment must be both objectively and subjectively offensive. *See Harris*, 510 U.S. at 21-22.

The district court granted summary judgment to Federal Express on the ground that Newman failed to show the existence of employer liability. Newman argues on appeal that he was prevented from introducing evidence of employer liability by the district court's denial of his motion to re-open discovery. We need not address this argument because we find that Newman has failed to show that the anonymous communications were subjectively hostile. *See Harris*, 510 U.S. at 21-22 ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation."). In his deposition, Newman admitted that he did not consider the racially-charged letter a "big deal," and was not surprised, shocked or disturbed by it. When asked if he was going to lose sleep over the letter, Newman replied, "Oh, no." Newman referred to the message

than African-American employees, and that he had suffered harassment and intimidation because of his race. On February 11, Newman and several other employees received an anonymous, racially-charged hate letter through company mail. At a later date, Newman received a telephone message containing the sounds of gunshots on his voice mail. Although Federal Express conducted an investigation, it was unable to discover who was responsible for the communications. On July 18, Newman filed a suit on behalf of himself and other African-American employees at Federal Express, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-301 *et seq*.

The district court denied class certification on January 7, 1999, and severed the cases. On June 2, Federal Express filed a motion for summary judgment as to all of Newman's claims. On June 23, Newman moved to re-open discovery. On July 1, the district court denied Newman's motion, finding that Newman had not shown good cause for his failure to obtain discovery through the exercise of due diligence. On August 9, the district court granted Federal Express's motion for summary judgment as to all of Newman's claims except a new retaliation claim not in the original complaint. The court reserved its ruling on this new retaliation claim and requested briefing on the issue. During a September 27 conference, Newman stated his intention to dismiss voluntarily his remaining retaliation claim in order to expedite review of the August 9 summary judgment order. Federal Express did not object, and on September 28 the court dismissed without prejudice Newman's retaliation claim. Newman appealed on October 4, and Federal Express subsequently moved to dismiss the appeal on the ground that we lacked jurisdiction.

II.

We must first briefly address Federal Express's motion to dismiss Newman's appeal for lack of jurisdiction. Newman's notice of appeal states that he "appeals the District Court

order dismissing the case dated September 28, 1999." Federal Express argues that because Newman's notice of appeal only designates appeal from the September 28 order dismissing his retaliation claim, and fails to designate the August 9 partial summary judgment order as the ruling from which appeal was taken, we lack jurisdiction to address the merits of the appeal.

Under Federal Rule of Appellate Procedure 3(c)(1)(B), a notice of appeal must "designate the judgment, order, or part thereof being appealed." We have held that while this rule is jurisdictional, mere errors in form will not always preclude jurisdiction. *See Dillon v. United States*, 184 F.3d 556, 557 (6th Cir. 1999) (en banc) (holding that failure to name the court to which the appeal was taken as required by Rule 3(c)(1)(C) was not fatal). Additionally, an "appeal from a final judgment draws into question all prior non-final rulings and orders." *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995) (citation omitted). If, however, an appellant "chooses to designate specific determinations in its notice of appeal, only those determinations may be raised on appeal." *Id*.

The parties agree that the September 28 order dismissing Newman's retaliation claim is not appealable because it was not an involuntary adverse judgment. *See Laczay v. Ross Adhesives*, 855 F.2d 351, 353 (6th Cir. 1988). They also agree that the August 9 summary judgment order is an involuntary adverse judgment from which Newman had the right to appeal, and that this order became final and thus appealable only by virtue of the district court's disposition of the remaining retaliation claim on September 28.

The September 28 order dismissing the remaining retaliation claim was the final judgment entered by the district court. In referencing the September 28 order in his notice of appeal, Newman was not designating that (non-appealable) order as the only one he sought to appeal; the reference to the September 28 order merely drew "into question all prior non-final rulings and orders," including the August 9 partial summary judgment order. We note that the record from the September 27 conference is clear that Newman was seeking

to voluntarily dismiss his retaliation claim in order to appeal the main discrimination claim. We therefore have jurisdiction to hear the appeal and proceed to the merits.

### III.

We review a district court's grant of summary judgment de novo. *See Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). Summary judgment is granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). Inferences drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion" for summary judgment. *See Gribcheck*, 245 F.2d at 550.

Newman's suit alleges that Federal Express: 1) created and fostered a racially hostile work environment in violation of Title VII; 2) denied him opportunities for promotion and equal treatment in awarding benefits in violation of Title VII; 3) denied him the right to contract in violation of 42 U.S.C. § 1981; and 4) discriminated against him in violation of the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101. Under the three-step burden-shifting framework for analyzing claims of employment discrimination under Title VII, a plaintiff must first set forth a prima facie case of discrimination. *See Gribcheck,* 245 F.3d at 550 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) and *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248 (1981)). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id*. If the employer carries this burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination. *See id.* The ultimate burden of persuasion remains at all times with the plaintiff. *See id.*

### A. Hostile work environment

Title VII prohibits racial harassment that creates a hostile or abusive work environment. *See Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999). In order to establish a prima