Willard J. FRANKLIN, Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE, et al., Defendants–Appellees.

No. 01–3995.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

Willard J. Franklin, a former Ohio resident, appeals pro se from the order granting summary judgment in his employment discrimination action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Franklin originally filed this complaint against various defendants, setting forth a number of causes of action, and requesting damages of fifteen million dollars. The district court dismissed all claims, except the employment discrimination claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and all defendants, except the Postmaster General. Franklin is not appealing the disposition of these claims and parties. Defendant then moved for summary judgment on the remaining claims, and Franklin responded. The district court granted summary judgment to Defendant, and this appeal followed. Franklin reasserts his claims of hostile work environment, race and sex discrimination, and retaliation. He has expressly abandoned his claim of disability discrimination.

Franklin was employed by Defendant in December of 1998, when he alleges that his causes of action accrued. Franklin arrived for work one day to find that the manager had told a substitute employee to perform his usual duties, and ordered Franklin to do other work. Franklin objected and ultimately told the manager that he was going home because he was sick from stress. The manager told Franklin she would need to see a medical excuse when he returned. Two days later, Franklin returned with a note from a clinic stating that he had been seen and was referred to another doctor. The manager stated that this note was insufficient. Franklin allegedly threw the note back at the manager, who then told him to leave. Franklin walked out of the manager's office and began loudly inquiring of other employees whether they had ever been bumped from their routes in favor of substitutes. Franklin was placed on six weeks leave without pay, but ultimately recovered back pay for this period as the result of a union grievance. Franklin alleged in his complaint that the manager's actions were the result of race and sex discrimination, and retaliation for an EEOC complaint he had filed in June of 1997. Also, he alleged that he had been subjected to a hostile working environment.

Upon careful consideration, we conclude that summary judgment for defendant was appropriate in this case because Franklin failed to make a showing sufficient to establish the elements of his case on which he bore the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Initially, the parties dispute whether Franklin properly exhausted his administrative remedies regarding his claim of a hostile work environment. Franklin points out that the EEOC grievance forms do not list hostile environment as a separate claim. We need not address this issue, however, as Defendant was properly granted summary judgment on the merits given the complete lack of evidence of a

hostile environment. In order to state a claim, Franklin was required to establish that he was the object of discriminatory harassment that was offensive enough to interfere with his work. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001). In this case, although Franklin alleged feeling harassed, he presented no evidence that it was due to discrimination, as there was no reference to sex or race alleged during the altercation. Furthermore, Franklin described an isolated incident, rather than a pattern of extreme conduct such as has been found sufficient to constitute a hostile work environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Given the lack of evidence in support of this claim, summary judgment for defendant must be affirmed as to the claim of hostile work environment.

█ Similarly, Franklin failed to support his allegations of disparate treatment based on sex and race when he failed to identify any similarly situated individuals who dealt with the same manager, were subject to the same standards, and engaged in the same type of conduct as Franklin, but were treated more favorably based on sex or race. *See Smith v. Leggett Wire Co.*, 220 F.3d 752, 762–63 (6th Cir.2000). Franklin pointed to an African–American employee who allegedly stole funds from the cash drawer, and a female employee who had gone home sick on more than one occasion without being required to submit a doctor's note. In this case, Franklin challenged the work assignment he was given and then stated that he became sick from stress and had to go home. The proposed comparable employees did not engage in a confrontation with the manager or give reason to believe that they were feigning illness to avoid doing assigned work. Therefore, Franklin's claims of race and sex discrimination were not supported by any evidence.

█ Finally, in order to state a claim of retaliation, Franklin was required to show that he had engaged in protected activity known to his employer, that an adverse action was taken against him, and that there was a causal connection between the protected activity and the adverse action. *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir.1997). On the causal connection requirement, there must be evidence sufficient to raise an inference that the protected activity was the likely motivation for the adverse action. *E.E.O.C. v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir.1997). Here, Franklin had filed a complaint in June 1997. The events in dispute occurred in December 1998, but Franklin argues that this was only a few days after the supervisor whom he had previously complained about became acting manager of the branch where he worked. Franklin points to nothing which would raise an inference that the likely reason for the manager's actions was his complaint from eighteen months earlier. Instead, it appears that Franklin challenged the manager's authority to assign work, went home allegedly due to the stress from not getting the work assignment he felt he should have received, and continued to question the manager's decisions two days later when he returned. Nothing was presented which would require a factfinder to infer that anything other than Franklin's behavior motivated the manager's reaction.

In summary, Franklin's conclusory complaints were not supported by evidence sufficient to withstand Defendant's summary judgment motion. Therefore, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.