## METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

## Inella BIGGS, Defendant–Appellee,

## Perry Mae White, Defendant–Appellant.

### No. 01–2688.

United States Court of Appeals, Sixth Circuit.

June 26, 2003.

Before MARTIN, Chief Circuit Judge, KRUPANSKY and COLE, Circuit Judges.

PER CURIAM.

This case arises from an interpleader action filed by Metropolitan Life Insurance Company. Met Life was unable to determine the proper beneficiary for the life insurance policy at issue in this case. Met Life filed this action for the federal court to do so, because the life insurance policy was an employee benefit plan governed by ERISA. The parties claiming entitlement to the policy are Perry Mae White, the defendant-appellant and former wife of the decedent, and Inella Biggs, the defendant-appellee and sister of the decedent. The district court granted Biggs' motion for summary judgment, and White appeals that decision. For the reasons described below and contained in the district court opinion, we AFFIRM the judgment of the district court.

Decedent Lacy White died November 11, 2000. Biggs and White filed competing claims for his life insurance benefits. Biggs based her claim on a Designation of Beneficiary form executed on May 14, 1997. White based her claim on a Designation of Beneficiary form purportedly executed on July 31, 1974. In the spring of 2001, Met Life filed the interpleader action based on this conflict and based on White's claims of decedent's incompetence and fraud and forgery on Biggs's part. On July 2, Biggs filed a motion for summary judgment. White did not respond in a timely fashion, although after her allotted time had expired, she filed for and received an extension. She failed again to respond timely, and she finally filed the response on October 12. The district court granted Biggs's motion on October 31, 2001.

This court reviews a grant of summary judgment de novo. Johnson v. City of Cincinnati, 310 F.3d 484, 490 (6th Cir. 2002). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Inferences drawn from the underlying facts 'must be viewed in the light most favorable to the party opposing the motion' for summary judgment." Newman v. Fed. Exp. Corp., 266 F.3d 401, 404–05 (6th Cir.2001) (quoting Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.2001)).

The district court thoroughly explains its basis for granting summary judgment. White never presented anything more than unsubstantiated allegations of fraud. She did not bring forward affidavits or any other actual evidence of her claims, although she had ample time to gather that evidence, if it existed.

White claims on appeal that the district court erred in granting summary judgment to Biggs because the district court did not allow the parties time to engage in formal discovery and did not hold a scheduling conference. The Federal Rules of Civil Procedure allow for a Rule 12(b)(6) or a Rule 56 motion to be made at any time. Formal discovery need not have occurred. White had ten months to substantiate her allegations regarding Biggs's Designation of Beneficiary form, and she did not do so.

The opinion of the district court has been attached to this opinion as Appendix A. For the reasons specified in the opinion of the district court, we AFFIRM their decision to grant the summary judgment motion.

## APPENDIX A

EASTERN DISTRICT OF MICHIGAN

UNITED STATES DISTRICT COURT

SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

INELLA BIGGS and PERRY MAE WHITE, Defendants.

Case No. 01–CV–71707–DT.

HONORABLE PATRICK J. DUGGAN

### OPINION

Plaintiff, Metropolitan Life Insurance Company (Met Life), filed this Interpleader action on May 2, 2001. Met Life was faced with competing claims on insurance proceeds resulting from the death of Lacy Paul White. The life insurance policy at issue, the General Motors Life and Disability Benefits Program, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act (ERISA). The competing claims are from Defendant

Inella Biggs (Biggs), the decedent's sister, and Defendant Perry Mae White (White), the decedent's wife. On September 17, 2001, Met Life was discharged and dismissed from the case pursuant to the parties' stipulation.

This matter is currently before the Court on Defendant Biggs' Motion for Summary Judgment. For the reasons set forth below, the Court shall grant Defendant Biggs' Motion for Summary Judgment.

## STANDARD

Summary judgment is proper only if there is no genuine issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 709 (6th Cir.2000); *see also* FED. R. CIV. P. 56(c). There is no genuine issue of material fact for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could "return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, the moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994). The nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339–40 (6th Cir.1993). If, after adequate time for discovery, the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

## DISCUSSION

Defendant Biggs asserts that she is the beneficiary of record for the insurance plan in question.[1] She has attached as Exhibit 2 to her Motion a form entitled "Designation of Beneficiary Under the General Motors Life and Disability Benefits Program," signed by decedent. The only name under Section 1, Primary Beneficiary Designation, is "Inella W. Biggs." (*See* Def. Biggs' Ex. 2).

The Sixth Circuit has held that under ERISA, there is "a clear mandate that plan administrators follow plan documents to determine the designated beneficiary." *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir.1996) (citation omitted). The plan documents for the insurance plan in question have been attached

---

1. Defendant Biggs states that Defendant White is claiming entitlement to the proceeds "through a judgment of divorce." (Def. Biggs' Mot. at ¶ 6). Defendant Biggs goes on to argue the legal issues involved in dealing with a divorce judgment and ERISA. Defendant White denies being divorced from decedent and further asserts that "[w]hile a Judgment of Separate Maintenance was entered, Defendant White, who was married to the Decedent for twenty-six years, has never relied on the language in said Judgment to support her claim here." (Def. White's Resp. at ¶ 6). Therefore, Defendant Biggs' arguments regarding divorce judgments and ERISA are irrelevant.

to the Complaint as Exhibit A. The plan documents state "[t]he Beneficiary is the person or persons designated by the Employe [sic], on a form approved by the Insurance Company and filed with the records maintained in connection with the insurance...." (Compl. Ex. A, Group Insurance Certificate Part VI, Section B). The form attached as Exhibit 2 to Defendant Biggs' Motion appears to be this form. Accordingly, this Court is satisfied that the designated beneficiary under the plan documents is Defendant Biggs, as she asserts in her Motion for Summary Judgment and thus she is entitled to the insurance proceeds unless Defendant White can point to competent evidence that, at least, raises a question of fact on the issue of whether or not Defendant Biggs is entitled to summary judgment. Therefore, the burden is on Defendant White to go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

Defendant White has filed a Response to Biggs' Motion.[2] In her Response, she contends "that undue influence and/or forgery by outside parties are responsible for" the beneficiary designation. (Def. White's Resp. at ¶ 5). She also asserts that the decedent had diminished mental capacity, to the point of having a guardian and conservator appointed.[3] (Def. White's Resp. at ¶ 6). As stated above, Defendant White must present significant probative

evidence in support of her opposition to Biggs' Motion for Summary Judgment. *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339–40 (6th Cir.1993). Other than making these general assertions in her Response, White has failed to present any probative evidence in support of her opposition to Biggs' Motion. White's counsel also states that Biggs' summary judgment motion was filed "almost immediately after the case was filed, and because ... [he] has been seriously ill, there has been no time to conduct adequate discovery." (Def. White's Resp. at ¶ 5).

Federal Rules of Civil Procedure 56(f) states:

> [s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). However, "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an *affidavit*." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citation omitted)(emphasis added). The *Cacevic* Court went on to state that

---

**2.** White's Response was both untimely under Local Rule 7.1(d)(1)(B), and did not include a brief, as it is required to under Local Rule 7.1(c)(1). In the interests of justice, the Court will accept White's Response.

**3.** The Court notes that Met Life has attached as Complaint Exhibit G the Letters of Authori-

ty appointing a conservator for the decedent, and that this Letters of Authority is dated May 22, 1998. (Compl.Ex. G). This is almost exactly a year after the designation of Biggs as beneficiary. Therefore, this argument is without merit.

"[t]he importance of complying with Rule 56(f) cannot be overemphasized. '[I]f the appellant has not filed either a Rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery.'" *Id.* Defendant White has not filed a motion under Rule 56(f), nor mentioned Rule 56(f) in her Response, nor filed an affidavit under Rule 56(f). Counsel's bare statements in the Response are not sufficient to defeat Defendant Biggs' Motion for Summary Judgment due to inadequate discovery.

Defendant Biggs has met her burden of showing there is no genuine issue of material fact that she is the beneficiary of record, therefore, she is entitled to judgment as a matter of law under ERISA. Defendant White has failed to meet her burden in opposing Defendant Biggs' summary judgment motion, in that, she has not presented any evidence to show there is a material issue for trial, and has not complied with the requirements of Rule 56(f) to obtain further discovery.

For the reasons set forth above, the Court shall grant Defendant Biggs' Motion for Summary Judgment.

A Judgment consistent with this Opinion shall issue forthwith.