NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0905n.06
Filed: December 18, 2006

No. 05-2073

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Intercontinental Electronics, S.p.A., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Richard G. Roosen; Kahn, Kahn, Gibson and Roosen, | ) | **O P I N I O N** |
| P.C., | ) | |
| | ) | |
| Defendants-Appellees. | | |

BEFORE:   DAUGHTREY, MCKEAGUE, Circuit Judges; and REEVES, District Judge.[*]

**McKeague, Circuit Judge.**   Appellant Intercontinental Electronics, S.P.A. appeals the district court's order denying Appellant's motion to reconsider the district court's granting of Appellees' Rule 12(c) motion for judgment on the pleadings in Appellant's legal malpractice action against Appellees Richard G. Roosen and Kahn, Kahn, Gibson & Roosen, P.C.  For the reasons stated below, the panel AFFIRMS the order of the district court.

## I.  BACKGROUND

Appellant is an Italian corporation in the electronic piano business.  American Keyboard Products, Inc., is a Michigan corporation that contracted with Appellant to distribute Appellant's

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

pianos. Euler SIAC Societa Italiana Assicurazione Crediti ("Euler") is an Italian insurance company that provides coverage for bad contractual debt to businesses including Appellant. In 1999, Appellant submitted a claim to Euler from Appellant's dealings with American Keyboard Products, Inc. Euler paid the claim and thereby became subrogated to Appellant's rights.

On July 6, 2000, Appellees filed a collection suit on behalf of Appellant and Euler against American Keyboard Products, Inc., Robert C. Kotz, and Gregory Wysocki (collectively "AKP") in Michigan state court. The suit was brought in Appellant's name only. AKP filed a counterclaim against Appellant on April 25, 2001. Appellant claims that Appellees did not notify it of this counterclaim.

On June 20, 2001, Appellees moved to withdraw as Appellant's counsel, and the court granted that motion on July 18, 2001. Appellees claim to have served the motion to withdraw on Appellant in Italy, but Appellant claims that it was not given such notice. In its July 18, 2001 order granting the motion to withdraw, the state trial court, inter alia, (1) ordered Appellees to serve Appellant with a copy of the order at Appellant's last known address in Italy; (2) allowed Appellant thirty days to find new counsel; and (3) warned that a default judgment would be entered against Appellant and its complaint would be dismissed if it failed to appear at an August 28, 2001 scheduling conference. Appellees claim that the trial court also sent two notices to Appellant, informing it of the pretrial conference and case evaluation.

On August 28, 2001, the trial court entered two orders when Appellant did not appear at the pretrial conference. First, it dismissed Appellant's claim without prejudice. Second, it entered a default on AKP's counterclaim against Appellant. AKP served Appellant with these

two orders on September 12, 2001. Appellant admits that it received these orders. On October 25, 2001, Appellant asked Euler for an explanation of the default order, and Euler replied by facsimile, "After reviewing the attached documents, it is recommended they be ignored since the case was dismissed and no further action was being taken." JA at 25. Euler then notified Appellant on November 9, 2001 that the action had been concluded.

On May 1, 2002, AKP moved for entry of default judgment.[1] On May 15, 2002, the trial court granted the motion, entering a default judgment against Appellant for $2,552,012.97. On June 5, 2002, Appellant moved to have the default judgment set aside, claiming that it never received notice of the order permitting Appellees to withdraw. The trial court denied Appellant's motion, holding that its explanations "certainly do not overcome the numerous notices and attempts to get the attention of [Appellant]" and that "it speaks a lot that immediately upon hearing the Judgment [Appellant] finally woke up and found a way to appear in this court and hire experienced counsel to come in here and try to set it aside." JA at 130. Appellant appealed to the Michigan Court of Appeals, and that court affirmed the judgment although it reduced the award by $1,000,000. The Court of Appeals held that there is a presumption of receipt by the addressee of mail that is addressed, stamped, and entrusted to the United States Postal Service for delivery, and that presumption was not rebutted in this case because the statements by one of

---

[1] The district court opinion states that the trial court granted the motion for entry of default judgment on May 1, 2002, but the complaint as well as the briefs of both parties state that the motion was made on May 1, 2002, and granted on May 15, 2002. JA at 16, 25; Appellant's Br. 9; Appellees' Br. 4.

Appellant's officers in an affidavit "did not constitute the type of positive, detailed, and direct testimony necessary to overcome the presumption." JA at 81-82.

Appellant then filed a claim against Appellees in the United States District Court for the Eastern District of Michigan on June 20, 2003, asserting legal malpractice, equitable subrogation, and negligence by Appellees in failing to comply with the trial court's order of July 18, 2001, failing to give Appellant notice of the counterclaim, and wrongly naming Appellant as plaintiff in the underlying action. In its response to Appellees' Rule 12(c) motion, Appellant claimed that (1) Appellees' motion should be converted to a motion for summary judgment; (2) Appellees improperly prosecuted the state court action solely in Appellant's name and but for this fact, the default judgment would not have been entered against Appellant; and (3) Appellant is not estopped from asserting that Appellees are liable for their actions.

The district court granted Appellees' motion to dismiss pursuant to Rule 12(c) on May 25, 2005. It first reasoned that Appellees' motion was one for dismissal pursuant to Rule 12(c) and not a motion for summary judgment because the exhibits considered by the district court were only those that were part of the pleadings or public record. It next held that collateral estoppel estopped Appellant from denying that it received notice of the order allowing Appellees to withdraw and requiring Appellant to appear at the scheduling conference. Finally, the district court held that regardless of whether Appellees improperly prosecuted the state court action solely in Appellant's name, Appellees have no liability to Appellant because Appellant "ignored the default until a default judgment was entered some seven and a half months later." JA at 32.

Appellant then filed a motion with the district court pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the district court's order. It argued that the district court order was based upon manifest errors of law and that it should be reversed to avoid a manifest injustice. In support of its argument, Appellant claimed that the district court misapplied Michigan proximate cause jurisprudence, disregarded an applicable Michigan real party in interest statute, ignored a statement by the Michigan Court of Appeals that if Appellees improperly represented themselves as Appellant's attorney, then Appellant's remedy lies in a suit against Appellees, and absolved Appellees from any liability for filing an action on behalf of Appellant without Appellant's knowledge or participation. The district court denied the motion, holding (1) that it did not make any determination of the probative quality of Appellant's proximate cause evidence, rather it dismissed Appellant's claim because it could not show it was entitled to relief due to its inability, through the application of collateral estoppel, to challenge the notice of the July 18, 2001 order and (2) that the remainder of Appellant's motion merely raised issues previously before the court, and the court will not grant motions for reconsideration that present issues that were, either expressly or by reasonable implication, previously ruled upon by the court.

Appellant appeals only the granting of the order denying its motion to reconsider the granting of Appellees' motion to dismiss.[2]

---

[2] Appellant claims that it has also appealed the district court's granting of Appellees' Rule 12(c) motion, notwithstanding the fact that its notice of appeal states that it is appealing only "from the Order Denying Plaintiff's Motion to Reconsider Granting of Defendant's Motion to Dismiss . . . ." JA at 38. According to Federal Rule of Appellate Procedure 3(c)(1), "The notice of appeal

## II. ANALYSIS

This court has held that ordinarily a denial of a motion to alter or amend a judgment

pursuant to Rule 59(e) is reviewed for abuse of discretion. *Hansmann v. Fidelity Invs.*

*Institutional Servs. Co.*, 326 F.3d 760, 766 (6th Cir. 2003) (citations omitted). However, if a

Rule 59(e) motion seeks reconsideration of a grant of summary judgment, de novo review is the

applicable standard. *Id.* at 767. Like *Hansmann*, the instant case involves an appeal from the

Eastern District of Michigan, and *Hansmann* held that the "district court must grant a motion for

reconsideration if the movant demonstrates that the district court and the parties have been

misled by a palpable defect, and correcting the defect will result in a different disposition of the

case." *Id.* (quoting E.D. Mich. R. 7.1(h)). The successor rule to Local Rule 7.1(h), Local Rule

7.1(g)(3), which was cited by the district court, essentially provides the same standard for

granting a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the court and the parties
> have been misled but also show that correcting the defect will result in a different
> disposition of the case.

---

must . . . (B) designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c).
While it is true that this circuit has held that "an appeal from a final judgment draws into question
all prior non-final rulings and orders," this rule is limited by the further holding that "[i]f, however,
an appellant chooses to designate specific determinations in its notice of appeal, only those
determinations may be raised on appeal." *Newman v. Fed. Express Corp.*, 266 F.3d 401, 404 (6th
Cir. 2001) (citation and internal quotation omitted). Therefore, to the extent that Appellant
specifically designated the order denying its motion to reconsider in its notice of appeal, "only [that]
determination[] may be raised on appeal." *Id.*

E.D. Mich. R. 7.1(g)(3).

On appeal, Appellant argues that the district court erred in applying collateral estoppel because it relied on precedent from the Michigan Court of Appeals for the proposition that a default judgment has a collateral estoppel effect when the issues are sufficiently litigated. Appellant also argues that the Rule 12(c) motion was improperly granted because the district court improperly made certain factual determinations while ignoring genuine issues of material fact. It lists a number of instances whereby it contends that Appellees were negligent, and then it makes a novel argument regarding causation, namely that Appellees' "omissions of communication and their wrongful acts of unauthorized filing combined to deprive [Appellant] of the *kind* of notice that one would typically have as a new defendant," and thus "denied [Appellant] the context that would have made the paper notices meaningful." Appellant's Br. 33 (emphasis in original).

Appellant's appeal fails because it does not meet the aforementioned standard regarding motions to reconsider. The record contains no indication that the district court was in any way misled by a palpable defect under the law of this court, and indeed Appellant's brief contains no such argument. *See Henderson v. Walled Lake Consol. Sch.*, No. 05-1814, 2006 WL 3313972, at *13 (6th Cir. Nov. 16, 2006) (holding that the "palpable defect" standard is not inconsistent with requiring a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice"). Instead, Appellant's argument on appeal reads like an appeal from the district court's granting of the Rule

12(c) motion, essentially rehashing the arguments previously raised, namely that collateral

estoppel should not have been applied and that its legal malpractice claim was valid.  Hence,

Appellant "merely present[s] the same issues ruled upon by the court, either expressly or by

reasonable implication."  E.D. Mich. R. 7.1(g)(3).  Accordingly, nothing in the record leads this

court to conclude that the district court's denial of the motion to reconsider was an abuse of

discretion.

### III.  CONCLUSION

For the foregoing reasons, the panel AFFIRMS the order of the district court.