NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0455n.06
Filed: June 27, 2007

## No. 06-5315

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FRANCHATA BUSH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| GAMBRO HEALTHCARE, INC., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SILER and GILMAN, Circuit Judges; ZATKOFF, District Judge.[*]

**SILER**, Circuit Judge. Plaintiff Franchata Bush appeals the district court's order granting summary judgment in favor of defendant Gambro Healthcare, Inc. (Gambro). Bush alleges that Gambro violated Title VII, 42 U.S.C. 2000e *et seq*, 42 U.S.C. § 1981, and the Tennessee Human Rights Act, T.C.A. § 4-21-401. She argues that she was discriminated against on the basis of her race, that she was retaliated against for engaging in protected activity, and that she was subjected to a hostile work environment. Because Bush's arguments lack merit, we **AFFIRM**.

## I. BACKGROUND

Bush is an African-American female who worked for Gambro, a provider of kidney dialysis treatment for end-stage renal disease patients. Bush filed four EEOC charges against Gambro. The

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

first EEOC charge settled.  The second EEOC charge arose when Gambro hired Ann Stepanek, a Caucasian candidate, for a position that Bush had also applied for.

The third EEOC charge involved two incidents between Gambro and Bush.  First, Bush challenged the way Gambro treated her regarding the way she performed her duties during the "Medicare incident."  The Medicare incident occurred when a Medicare billing-system error involving $53 million in submitted claims caused widespread confusion within the company. Second, Bush was using Gambro's computers for personal use, in violation of company policy.  She alleged in the EEOC complaint improper behavior by Gambro in disciplining her for her computer use.

Finally, the fourth EEOC charge involved an incident where Bush allegedly called a co-worker a "rat" and a "bitch."  The fourth EEOC charge alleged that Gambro disciplined her for this incident differently than her co-workers because of her race and in retaliation for having filed previous EEOC charges.  The district court granted Gambro's motion for summary judgment.

## II.  ANALYSIS

### 1.  Race Discrimination for Failure to Promote

To establish a *prima facie* case of racial discrimination based upon a failure to promote, Bush must show that: (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time her request for promotion was denied.  *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000).

No. 06-5315
*Bush v. Gambro Healthcare*

While it is questionable whether Bush has satisfied the similarly-situated prong, we will assume that she has made a *prima facie* showing. Nonetheless, Gambro raised legitimate nondiscriminatory reasons for hiring Stepanek. Gambro essentially stated that Stepanek was more qualified than Bush for the position. The burden then shifted to Bush to establish that Gambro's reasons were a pretext designed to mask discrimination. *Asmo v. Keane, Inc.*, 471 F.3d 588, 596 (6th Cir. 2006). Bush has not demonstrated that race played any role in the decision-making process at Gambro. Her unsupported allegations are not enough to establish that Gambro's reasons were pretextual. *See Huguley v. General Motors Corp.*, 52 F.3d 1364, 1370 (6th Cir. 1995).

**2. Retaliation for Engaging in Protected Activity**

In order to establish a *prima facie* case of retaliation, Bush must demonstrate that: (1) she engaged in protected activity; (2) the exercise of her civil rights was known to Gambro; (3) thereafter, Gambro took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Harrison v. Metropolitan Gov't,* 80 F.3d 1107, 1118 (6th Cir.1996).

Bush's arguments do not satisfy the retaliation test. In order to satisfy the test for retaliatory discrimination, she must offer more than a proximity in time between Gambro's actions and her protected activity. *See Cooper v. City of North Olmstead*, 795 F.2d 1265, 1272 (6th Cir. 1986). She has not, however, "proffer[ed] evidence sufficient to raise the inference that her protected activity was the likely reason for [Gambro's] adverse action." *See EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997) (quotation marks omitted).

Further, a reasoned assessment of Gambro's alleged retaliatory conduct reveals that it had a legitimate basis for its conduct. Gambro had a policy of monitoring the computer use of its employees. It also had ample reason to believe that Bush had called a co-worker a "rat" and a "bitch," based upon a statement from a disinterested eyewitness to the incident. Bush's earlier EEOC complaints do not preclude Gambro from maintaining appropriate control over its employees.

## 3. Hostile Work Environment

In order to establish a *prima facie* case of hostile work environment based on race, Bush must show that: 1) she is a member of a protected class; 2) she was subjected to unwelcome racial harassment; 3) the harassment was based on race; 4) the harassment had the effect of unreasonably interfering with her work performance by creating an intimidating, hostile, or offensive work environment; and 5) there was employer liability. *Newman v. Federal Exp. Corp.,* 266 F.3d 401, 405 (6th Cir. 2001).

Bush points to four separate incidents that she believes created a hostile work environment: 1) she was forced to meet with managers more often than Caucasian employees, primarily stemming from the Medicare incident, and she was unfairly criticized for the Medicare incident; 2) she was disciplined for using Gambro's computers for personal use whereas other employees were not; 3) her suspension arising from the "rat" and "bitch" incident is evidence of harassment; and 4) her meeting with a superior was hostile because that superior clapped her hands and told Bush to "do the math," causing Bush to have a panic attack. After considering each incident individually, and all of the incidents together, Gambro's conduct is not "severe or pervasive enough to create an

environment that a reasonable person would find hostile or abusive." *Bowman v. Shawnee State Univ.* 220 F.3d 456, 462 (6th Cir. 2000).

Bush was the only employee who sent emails to managers and other co-workers regarding the Medicare incident after management had instructed her not to send the communications. Race did not factor into this incident. Management required the meetings because Bush had disobeyed a direct request from her superior. The conduct she complains of is a direct result of her faulty performance and is not evidence of a hostile work environment.

Race had no impact on management's decision to reprimand Bush for her improper computer use. Nothing in the record supports the allegation that Bush was unfairly disciplined for using the computers for the same types of things as her co-workers. Bush used Gambro's computers extensively for personal matters, which was a violation of company policy warranting discipline.

Bush contends that her suspension for calling a co-worker a "rat" and a "bitch" is harassment. She has not offered any evidence, however, that other Gambro employees had acted in a similar manner yet faced less disciplinary action than she did.

Finally, Bush contends that a supervisor clapping her hands and telling Bush to "do the math" during their meeting over the Medicare incident created a hostile work environment. Once again, Bush has failed to demonstrate how this incident related to her race. The meeting took place because of Bush's actions during the Medicare incident.

**AFFIRMED**.