NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0834n.06

No. 12-2675

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 18, 2013*

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ERIC KIMBROUGH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Plaintiff Eric Kimbrough appeals from the district court's December 21, 2012 order denying his motion for reconsideration. We initially dismissed the appeal for failure to prosecute, but reinstated it on March 18, 2013. Finding no abuse of discretion, we AFFIRM.

The December 21 order addressed the merits of an order (R. 11, Order of Oct. 31, 2012) granting the government's unopposed request that the case be dismissed for failure to serve the United States  the only party Kimbrough sued  as prescribed by Federal Rule of Civil Procedure 4(i)(1) within the 120-day period set by Rule 4(m).[1] Because Kimbrough's notice of appeal

---

[1] For suits against the United States, Rule 4(i)(1) requires service of the summons and complaint upon both the local U.S. Attorney and the U.S. Attorney General. Fed. R. Civ. P. 4(i)(1)(A) and (B). The record reflects that Kimbrough served the St. Louis offices of the U.S. Postal Service and the Attorney General in February and March 2012, respectively, but failed to serve the local U.S. Attorney until June 22, after the expiration of Rule 4(m)'s 120-day window.

addresses only the December 21 order, we do likewise. *See, e.g.*, Fed. R. App. P. 3(c)(1)(B);

*Intercontinental Elecs., S.p.A. v. Roosen*, 210 F. App'x 491, 494 n.2 (6th Cir. 2006) (explaining that

a limited notice of appeal confines appellate review to the order challenged); *Newman v. Fed.

Express Corp.*, 266 F.3d 401, 404 (6th Cir. 2001) (same). Utilizing the standards set by local rule,

we review the denial of reconsideration for abuse of discretion, *Indah v. U.S. Sec. & Exch. Comm'n*,

661 F.3d 914, 924 (6th Cir. 2011) (applying E.D. Mich. LR 7.1), reversing only if left with "a

definite and firm conviction that the trial court committed a clear error of judgment," *Scottsdale Ins.

Co. v. Flowers*, 513 F.3d 546, 569 (6th Cir. 2008) (citation omitted).

Kimbrough's reconsideration motion challenged the district court's finding that he failed to

show good cause excusing the incomplete and untimely service of the United States. The court

premised its no-cause finding upon the fact that the local U.S. Attorney's Office sent two letters

warning counsel of the service deficiencies and how to fix them. Nevertheless, counsel did not

remedy the situation until ordered   more than a month after the expiration of the 120-day

period   to show cause why the case should not be dismissed for failure to prosecute. (*See* R. 11,

Order at 1; *see also* R. 5.) In seeking reconsideration, Kimbrough asserted substantial compliance

with Rule 4(i), good-faith misunderstanding of the service rule, and lack of prejudice to the United

States. The court rejected these arguments.

No abuse occurred here, because Kimbrough failed to show "a palpable defect by which the

court . . . ha[s] been misled" that would "result in a different disposition." E.D. Mich. LR 7.1(h)(3);

*see Indah*, 661 F.3d at 924. Plaintiff's counsel now argues that the district court should have applied Federal Rule of Civil Procedure 4(i)(2), pertaining to service of a U.S. agency, or accepted his reliance on that rule to excuse his tardiness.[2] We note that counsel forfeited these arguments by not responding to the government's motion, which sought dismissal of the complaint. In any event, the district court reasonably rejected them because (1) Kimbrough clearly did not sue an agency,[3] and (2) the letters by the U.S. Attorney's Office timely warned counsel of the service deficiencies and suggested how to fix them. (Rs. 10-3, 10-5.[4]) Thus, to the extent he now contends confusion and substantial compliance with Rule 4(i), he reveals no defect in the district court's service-of-process analysis. *See, e.g.*, *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 812 13 (6th Cir. 2004) (order) (affirming district court's dismissal of complaint against individual defendants under Rule 4(m), where the plaintiff "did not make a reasonable, diligent effort to timely effect service of process" and did not "ma[k]e a good faith attempt to follow and comply with . . . the rules governing service of process by mail").

---

[2]Notably, this argument differs from counsel's original excuse for the late service, which acknowledged that he sued the United States and admitted his need to serve the U.S. Attorney. (R. 6, Mot. to Extend Time for Service Upon Defendants at 1 2.) Counsel requested an extension of the service period and conceded that he "advertently [sic] did not serve the Local U.S Attorney within the 120 days of filing the complaint." (*Id.*)

[3]Had Kimbrough sued an agency, he still would have needed to "serve the United States" as detailed in Rule 4(i)(1). Fed. R. Civ. P. 4(i)(2). If he failed to "serve a person required to be served under Rule 4(i)(2)," his timely service of the Attorney General would entitle him to "a reasonable time to cure" the deficiency. Fed. R. Civ. P. 4(i)(4).

[4]The district court's summonses, addressed to the U.S. Attorney and the Attorney General, similarly should have alerted plaintiff's counsel of the need to serve them.

Because Kimbrough fails to show a clear error of judgment, we AFFIRM the district court's

December 21 order denying reconsideration.